**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KUMAR GAURAV,<br><br>                                    Petitioner,<br><br>   v.<br><br>KRISTI NOEM; PAMELA BONDI;<br>CHRISTOPHER LAROSE, PATRICK<br>DIVVER,<br><br>                                    Respondents. | Case No.:  26cv0609 DMS AHG<br><br>**ORDER DENYING WITHOUT<br>PREJUDICE PETITION FOR WRIT<br>OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse. For the following reasons, the Petition is denied without prejudice.

Petitioner is a native and citizen of India. (Decl. of Rosendo Martinez in Supp. of Return ("Martinez Decl.") ¶ 3.) On November 21, 2024, he entered the United States unlawfully and was taken into custody by border patrol agents. (*Id.* ¶ 4.) On that date, Petitioner was also served with a Notice and Order of Expedited Removal. (Return, Ex. 1.) Petitioner was subsequently referred to United States Citizenship and Immigration Services for a credible fear interview. (Martinez Decl. ¶ 5.) Thereafter, Petitioner was issued a Notice to Appear and placed into removal proceedings. (*Id.*) On October 24,

1

2025, an immigration judge ordered Petitioner removed to India, but granted him withholding of removal. (*Id.* ¶ 7.) Immigration and Customs Enforcement ("ICE") have been working to identify a third country willing to accept Petitioner for removal, but to date, have not identified a third country. (*Id.* ¶¶ 8-11.)

On January 29, 2026, Petitioner filed the present case alleging two valid claims. First, Petitioner alleges Respondents' failure to provide him with a bond hearing during his 15-month detention violates his procedural due process rights. Second, Petitioner asserts there is no significant likelihood he will be removed in the reasonably foreseeable future, therefore his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231.[1] Respondents argue Petitioner's final removal order was entered on October 24, 2025, and the six-month period of presumptively reasonable detention has not yet expired, therefore Petitioner is not entitled to release or a bond hearing.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period"). 28 U.S.C. § 1231(a)(1)(A). An alien must be detained during the 90-day removal period. 28 U.S.C. § 1231(a)(2). After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal. 28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable. *Zadvydas*, 533 U.S. at 690, 701. The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to

---

[1] Petitioner alleges a third claim concerning the conditions of his confinement at Otay Mesa Detention Center. Respondents argue that claim is not cognizable on habeas, and the Court agrees. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'") Accordingly, the Court does not further address that claim.

26cv0609 DMS AHG

rebut this showing. *Id.* at 701. If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute. *Id.* at 699–700. "In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700.

Here, Petitioner has been detained for over fifteen months, but it has not yet been five months since his final removal order was entered. There is, therefore, a presumption that Petitioner's detention is reasonable. To overcome that presumption, Petitioner bears the burden of showing his detention is unreasonable.

In an effort to meet that burden, Petitioner argues he has been detained for over 14 months and Respondents have yet to find a third country willing to accept him. However, Respondents have only been working in earnest to find a third country since Petitioner's removal order became final, which was less than five months ago. Petitioner's assertions that his detention has been prolonged and Respondents are unlikely to find a third country willing to accept him are not sufficient to overcome the presumption that his present confinement is reasonable. Accordingly, the Petition for Writ of Habeas Corpus is denied without prejudice.

**IT IS SO ORDERED.**

Dated: March 9, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv0609 DMS AHG